**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER LMM 13 PLAN (Individual Adjustment of Debts)**

☐ ___ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☒ **2nd/MMM** ___ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: **Ron Keller**     JOINT DEBTOR: **Karen Keller**     CASE NO.: **13-22536**

Last Four Digits of SS# **xxx-xx-3192**     Last Four Digits of SS# **xxx-xx-0044**

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of **60** months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan:

A. $ **2,732.39** for months **1** to **17** ;
B. $ **3,657.96** for months **18** to **18** ;
C. $ **4,504.69** for months **19** to **30** ;
D. $ **4,456.08** for months **31** to **60** ; in order to pay the following creditors:

Administrative: Attorney's Fee - $ **5,025.00** TOTAL PAID $ **3,500.00**
Balance Due $ **1,525.00** payable $ **58.82** /month (Months **1** to **17** )
Balance Due $ **525.00** payable $ **43.75** /month (Months **19** to **30** )

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

**Specialized Loan Servicing**    Arrearage on Petition Date $ _____
Address: _____    Arrears Payment $ _____ /month (Months _ to _)
Account No: _____    Regular Payment $ **2,395.76** /month (Months **1** to **17**)
Account No: **xxxxxxxxx8010**    TPP Payment $ **3,292.16** /month (Months **18** to **18** )
   PMM $ **3,326.25** /moth (Months **19** to **60** )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]

| | | | | | |
|---|---|---|---|---|---|
| 1. | **Internal Revenue Service Po Box 69; Memphis, TN 38101** | Total Due $ **17,824.65** | | | |
| | | Payable $ **218.95** /month | (Months **1** to **17**) Regular Payment $ **N/A** | | |
| | | Payable $ **335.78** /month | (Months **19** to **60** ) | | |

Unsecured Creditors: Pay **$348.44/month** (Months **19** to **60** ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

       The Debtor is hereby advised that the chapter 13 trustee has requested that the debtor comply with 521(f) 1-4 on an annual basis during the pendency of this case. The Debtor hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the Debtor shall provide the Trustee with verification of their disposable income if their gross household income increases by more than 5% over the previous year's income.

       The Debtor has filed a Verified Motion for referral to LMM with Specialized Loan Servicing ("Lender"), loan number xxxxxxxxxxx8010, for real property located at 10620 SW 138 Street, Miami, Florida 33176, The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent to Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy

**Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property  described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.**

**If the Debtor, co-obligator/co-borrower or other third party (if applicable) and the Lender agree to a settlement  as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.**

**If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.**

**If the Lender and the Debtor fail to reach a settlement, then no later than 14 days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not effect as to the real property.**

**Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.**

Other Provisions Not Included Above:

**Rejected Contracts and/or Leases**
**-NONE-**

**Assumed Contracts and/or Leases**
**-NONE-**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Ron Keller
**Ron Keller**
Debtor

Date:   November 10, 2014

/s/ Karen Keller
**Karen Keller**
Joint Debtor

Date:   November 10, 2014

LF-31 (rev. 01/08/10)